**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SANDRA FENTRESS,<br>Plaintiff,<br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02344-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R"), recommending that the Court grant Defendant Laboratory Corporation of America Holdings' ("Lab Corp") Motion for Summary Judgment. (ECF No. 44 at PageID 453.)

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the disposition of a motion for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Plaintiff Sandra Fentress's deadline to object to the R&R was September 22, 2026, and no objections have been filed. The Court has therefore reviewed the R&R in its entirety for clear and finds none. To the contrary, the R&R correctly observes that Fentress cannot maintain her

retaliation claims under Title VII or the ADA against Lab Corp because she failed to show either direct or indirect evidence of retaliation. (ECF No. 44 at PageID 465–71.) Additionally, the R&R properly describes how Fentress's Failure-to-Accommodate claim cannot survive summary judgment, because Lab Corp provided Fentress with a reasonable accommodation by permitting her extensive leave, and only terminated her employment when further accommodations became unreasonable. (Id. at PageID 471–75.) Finally, the R&R correctly disposes of Fentress's discrimination claims under the ADA and Title VII. As to her ADA discrimination claim, Fentress did not provide evidence of an adverse employment action, or, assuming an adverse employment action did occur, show that her disability was the but-for cause of that action. (Id. at PageID 476–78.) And, Fentress failed to make a prima facie showing of Title VII discrimination because she did not identify a proper similarly-situated comparator. (Id. at PageID 478–80.)

Therefore, Judge Christoff's R&R is **ADOPTED**, Lab Corp's Motion for Summary Judgment is **GRANTED**, and Fentress's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 19th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE